# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT O. MATHISON, JR.,<br><br>    Defendant. | No. CR06-4109-MWB<br><br>**DETENTION ORDER** |

_____

This matter came on for detention hearing on December 18, 2006. Assistant U.S. Attorney Robert Knief appeared on behalf of the plaintiff (the "Government"). The defendant Robert O. Mathison, Jr. appeared in person with his attorney, Scott Rhinehart. The Government offered the testimony of Deputy U.S. Marshal Michael Fuller.

The court must determine whether any condition or combination of conditions will reasonably assure Mathison's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Mathison as required and the safety of the community if the court finds there is probable cause to believe Mathison committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at

the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, strong circumstantial evidence indicates the defendant Robert Mathison assisted Ryan Mathison in flight to avoid trial on or about November 12, 2006. The evidence further indicates the defendant has a spotty recent employment history, with his only current employment prospect being a job as an over-the-road trucker, which would not be appropriate for pretrial release. The defendant also has had numerous previous contacts with law enforcement. Although the majority of these involved driving violations and alcohol-related violations, they nevertheless evidence the defendant's inability to comply with the law.

The court finds the Government has proved by a preponderance of the evidence that Mathison is a flight risk, and that no condition or combination of conditions of release would ensure his appearance as required. Therefore, the court finds the following:

1. Mathison is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Mathison reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Mathison to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Mathison must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 18th day of December, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT